UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROGELIO MEDINA, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:15cv1786(VLB) |
| : | |
| CAPTAIN SALIUS, : | |
|     Defendant. : | |

## RULING AND ORDER

The plaintiff, Rogelio Medina, is currently confined at Cheshire Correctional Institution in Cheshire, Connecticut. He has filed a complaint pursuant 42 U.S.C. § 1983 naming Captain Salius as a defendant. He paid the filing fee to commence this action.

The plaintiff seeks to amend the complaint to clarify that he sues the defendant in his individual capacity only. The motion for leave to amend the complaint is granted. However, for the reasons stated below, the Amended Complaint is DISMISSED for failure to state a claim against defendant Salius, in his individual capacity, upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. See *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff asserts that in June, 2015, officials at Bridgeport Correctional Center transferred him to Walker Correctional Institution. The plaintiff was placed in a cell in the restrictive housing unit. Two weeks after being placed in the unit, a prison official assigned the plaintiff a cellmate. The plaintiff's cellmate was allegedly disrespectful to the plaintiff and called him names. The plaintiff overheard his cellmate tell another inmate that he wanted the plaintiff out of his cell because the plaintiff was so old.

The plaintiff spoke to Captain Salius and asked to be moved to another cell because his cellmate was attempting to incite him to engage in a fight. Captain Salius told the plaintiff that he would be transferred soon and declined to move the plaintiff to another cell. According to the plaintiff, there was an empty cell in the unit.

On July 20, 2015, the plaintiff's cellmate spit at him. The plaintiff drank some water and spit back at his cellmate. The plaintiff's cellmate jumped off his bunk and began to punch the plaintiff in the head. The plaintiff pinned his cellmate on the bunk and punched him in the face and told him to stop fighting. A correctional officer separated the plaintiff and his cellmate. The plaintiff suffered a laceration to his head. The plaintiff claims that Captain Salius failed to protect him from harm. He seeks monetary damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). In *Farmer,* the Supreme Court set forth a two-part test to determine when a prison employee's failure to protect an inmate from harm rises to the level of a constitutional violation. Under the first part of the test, the prisoner must demonstrate that, objectively, his or her conditions of incarceration posed a "substantial risk of serious harm." *Id.* at 834. Under the second part of the test, the prisoner must show that, subjectively, the prison official acted with deliberate indifference to the prisoner's health or safety. An

official acts with deliberate indifference when he or she knows that the inmate faces a substantial risk to his or her health or safety and disregards that risk by failing to take corrective action. *See id.* at 837, 847. A prison official who "actually knew of a substantial risk to inmate health or safety," but responded in a reasonable manner to the risk, "may be found free from liability" under the Eighth Amendment, "even if the harm ultimately was not averted." *Id.* at 844.

The conditions of confinement in the restrictive housing unit as described by the plaintiff did not pose a serious risk of harm to him. The plaintiff alleged that his cellmate had called him names in an attempt to incite him to engage in a fight. In addition, he had overheard his cellmate tell another inmate that he wanted the cell to himself. He does not claim that his cellmate threatened to harm him or that he was in fact harmed by his cellmate. Thus, the plaintiff has not alleged that the conditions in the plaintiff's cell posed a risk of substantial harm to him.

Furthermore, when the plaintiff informed Captain Salius of his cellmate's name-calling and the fact that the plaintiff believed that his cellmate wanted him out of the cell, Captain Salius responded that the plaintiff was going to be transferred out of the unit or facility. This was not an unreasonable response to the allegations about his cellmate, even though the plaintiff got into a fight with his cellmate before he was transferred. That fight, however, arose because the plaintiff chose to react in an aggressive manner when his cellmate spit at him.

The facts as alleged in the complaint do not state plausible Eighth Amendment claims that defendant Salius failed to protect the plaintiff from harm or

was deliberately indifferent to his safety.  Thus, the claims against defendant Salius are dismissed.  See 28 U.S.C. § 1915A(b)(1).

## ORDERS

The court enters the following orders:

(1)     The Motion to Amend the Complaint [Doc. No. 7] to clarify that the plaintiff is suing the defendant Salius in his individual capacity only is GRANTED. The Eighth Amendment claims that defendant Salius was deliberately indifferent to the plaintiff's safety and failed to protect him from harm are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     The Clerk is directed to enter judgment in favor of defendant Salius and close this case.

SO ORDERED at Hartford, Connecticut this Eleventh day of May, 2016.

_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE